**MOT**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff John Doe*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOE, a minor, by and through JANE DOE, his natural mother and legal guardian;<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY BILLUPS, an individual; and CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada;<br><br>Defendant. | CASE NO: 2:23-cv-00334<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN PSEUDONYM** |

COMES NOW Plaintiff JOHN DOE, by and through his natural mother and legal guardian JANE DOE and represented by his counsel of record ANDRE M. LAGOMARSINO, ESQ. and TAYLOR N. JORGENSEN, ESQ. of LAGOMARSINO LAW, and hereby submits Plaintiff's Motion for Leave to Proceed in Pseudonym. This Motion is made and based on the Memorandum of Points and Authorities, the pleadings and papers on file herein, the exhibits attached hereto, and any oral argument of counsel to made at the time of hearing.

DATED this 2nd day of March, 2023.

LAGOMARSINO LAW

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 West Horizon Ridge Pkwy., Suite 241
Las Vegas, Nevada 89052
*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This is a case arising out of Defendant CLARK COUNTY SCHOOL DISTRICT's ("CCSD") acts and omissions concerning horrific threats made by CCSD teacher Courtney Billups towards minor Plaintiff JOHN DOE. Given the threats made against him, Plaintiff files the instant Motion to protect his right to privacy. Plaintiff now requests this Court's permission for both him and his natural mother and legal guardian to proceed under a pseudonym in the interest of their safety and to avoid further trauma to Plaintiff. Considering the nature of the facts at issue, Plaintiff's interest in privacy outweighs any prejudice to the Defendant CCSD by proceeding as John Doe and Jane Doe.

Furthermore, the public's interest in being informed as to Plaintiff's name is minimal, as Plaintiff's identity does not affect the presentation of the facts at hand, nor does it affect the public's ability to access supporting evidence for Plaintiff's claims. Therefore, good cause exists to allow Plaintiff to proceed under a pseudonym.

## II.   STATEMENT OF FACTS

Plaintiff is a minor, black male who was enrolled in the 9th grade at Desert Oasis High School ("Desert Oasis") leading up to and during the time of the incidents described herein. Desert Oasis is a CCSD high school. Plaintiff has Attention Hyperactive Deficit Disorder ("ADHD"), which affects the way that he processes and retains information. As a result, Plaintiff has an Individualized Education Plan ("IEP") that affords him specific accommodations in class to help him learn more efficiently. While at Desert Oasis, Plaintiff was enrolled in a class specifically for students with IEPs. This class was taught by Courtney Billups. Billups consistently made threats towards Plaintiff, including threatening to physically fight him, telling other students to fight him, and threatening to poison Plaintiff's food and drink. These threats peaked on November 4, 2022, after Billups sent Plaintiff to the front office in response to an incident in class. After calling Plaintiff a slave, Billups was recorded making threats against Plaintiff to other students in the class, including threatening to beat him, break his neck, and cover him in diarrhea and make him eat it. *See* Complaint for more details *(ECF No. 1)*.

Plaintiff and Jane Doe reported these comments to CCSD and provided the recordings, but

CCSD took minimal action and made no good faith effort to address the situation. *See generally* Complaint *(*ECF No. 1*).* Eventually, Plaintiff moved schools because CCSD took no good faith action to provide him with a safe educational environment at Desert Oasis. As a result of Defendant CCSD's actions, Plaintiff filed the instant litigation. Due to the highly sensitive nature of this case, Plaintiff files the instant Motion for Leave to Proceed in Pseudonym to protect his safety and privacy.

### III.  LEGAL ARGUMENT

#### A.  Plaintiff's Privacy Interest Supports Proceeding Under a Pseudonym

Nevada Rule of Civil Procedure 10 normally requires that all parties in litigation be identified by their names. However, courts routinely allow parties to use pseudonyms in cases where nondisclosure of a person's identity is necessary to protect that person from harassment, injury, ridicule, or personal embarrassment. *Does I thru XIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). "A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. Courts have allowed plaintiffs to remain anonymous in cases dealing with sensitive matters, including for example a party's safety or mental health. *See Doe v. Smith*, 105 F.Supp.2d 40 (E.D.N.Y. 1999) (pseudonym allowed in a situation where exposing plaintiff's identity would seriously affect plaintiff's mental health); *see also Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) (pseudonym allowed in a situation where plaintiff wanted to keep his mental health condition private); *see also Sears v. Mid Valley Enterprises, LLC,* 2021 WL 8015628 at *2 (D. Nev. 2021) (pseudonym allowed where individual demonstrated need based on fear for safety, reputation, and interactions in the community).

In the instant case, Plaintiff's need for anonymity is overwhelming. However, the need for anonymity applies not only to him, but his natural mother and legal guardian, Jane Doe, as Plaintiff could easily be identified by identifying Jane Doe. As a result of Courtney Billups', and vicariously Defendant CCSD's, actions and inactions, Plaintiff was seriously and intentionally threatened, traumatized, and humiliated. Due to the alleged involvement of other CCSD employees and students

in these threats, Plaintiff continues to fear for his safety and faces re-traumatization if publicly named in this suit. Courts have allowed complaining parties to proceed anonymously when they show a legitimate threat to their personal safety. *See Sears,* 2021 WL 8015628.

Moreover, Plaintiff's interest in privacy is met with a complete lack of prejudice to Defendant CCSD. Defendant CCSD is fully aware of Plaintiff's and Jane Doe's true identity, as made apparent in Plaintiff's Complaint. Being required to refer to Plaintiff as John Doe and his natural mother as Jane Doe will not hinder Defendant CCSD's ability to investigate the circumstances of the claim, or to present a defense.

Not only will the parties be unaffected by Plaintiff's pseudonym, but the public will be unaffected by Plaintiff proceeding anonymously. Plaintiff's claims center on Billups's negligence and intentional infliction of emotion distress and Defendant CCSD's negligent retention of Billups. Nevada also has a policy of protecting the interest and safety of minors. Though the interest of the public in knowing the facts of this litigation is substantial, there is no public right that would be infringed upon by allowing Plaintiff to proceed as John Doe because referring to him as such does not affect the presentation of the facts in this case. Therefore, allowing Plaintiff to proceed as John Doe to protect his safety and mental health outweighs the minimal prejudice if any, to the Defendant CCSD and the public.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court Order that Plaintiff and his natural mother be granted leave to proceed in the instant litigation as John and Jane Doe.

DATED this 2nd day of March, 2023.

**LAGOMARSINO LAW**

/s/ Taylor Jorgensen
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 West Horizon Ridge Pkwy., Suite 241
Las Vegas, Nevada 89052
*Attorneys for Plaintiff JOHN DOE*