**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| John Doe, a minor, by and through Jane Doe, his natural mother and legal guardian, | Case No. 2:23-cv-00334-APG-DJA |
| Plaintiff, | **Order** |
| v. | |
| Courtney Billups; and Clark County School District, | |
| Defendants. | |

Before the Court is Plaintiffs' motion to proceed in pseudonym. (ECF No. 3). Defendants did not respond to Plaintiffs' motion. Because the Court finds that Plaintiffs have made a sufficient showing to proceed under pseudonyms, it grants the motion.

**I.     Background.**

Plaintiffs allege that, while John Doe was a student at Desert Oasis, he was enrolled in a class with other students who needed specific learning accommodations. While in that class, John Doe's teacher—Courtney Billups—threatened him. Plaintiffs allege that the Clark County School District did not take their complaints about the threats seriously, causing John Doe to eventually change schools. Plaintiffs argue that the sensitive nature of the case, John Doe's status as a minor, and the nature of the threats weigh in favor of maintaining their anonymity. John Doe argues that he fears for his safety given the nature of the threats—threats regarding poisoning him, physically fighting him, and harming him—and because CCSD employees and other students were involved in the threats. Plaintiffs add that, by naming John Doe's mother, it would be easy to determine who John Doe is, so both Plaintiffs require anonymity. Plaintiffs also point out that CCSD knows who they are, so they will not be hindered in defending the case. And the public will still be able to determine the facts of the case.

1  **II.     Discussion.**

2          "The normal presumption in litigation is that parties must use their real names." *Doe v.*
3  *Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see*
4  *also* Fed. R. Civ. P. 10(a)(requiring that the title of every complaint "include the names of all the
5  parties).  This presumption is related to the public's common law right of access to judicial
6  proceedings, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000),
7  and "the right of private individuals to confront their accusers." *Kamehameha Schools*, 596 F.3d
8  at 1042.  Nevertheless, a party may proceed pseudonymously when "special circumstances justify
9  secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067.

10         "Parties may use pseudonyms in the unusual case when nondisclosure of the party's
11 identity is necessary ... to protect a person from harassment, injury, ridicule or personal
12 embarrassment." *Id.* at 1067-1068.  A party may preserve his or her anonymity when "the party's
13 need for anonymity outweighs prejudice to the opposing party and the public's interest in
14 knowing the party's identity." *Id.* at 1068.  The moving party must demonstrate that publishing
15 his or her identity in connection with the lawsuit will result in social stigmatization, put him or
16 her in danger of physical harm, or cause the very harm that the litigation seeks to prevent. *Doe v.*
17 *University of Rhode Island*, 28 Fed.R.Serv.3d 366, 369 (D. R.I. 1993).  District Courts have broad
18 discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.*,
19 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045-1046.

20         The Ninth Circuit generally recognizes three types of cases in which anonymity is
21 justified despite the general rule favoring disclosure. *Advanced Textile Corp.*, 214 F.3d at 1068
22 (internal citation omitted).  The first type of case is one in which identification creates a risk of
23 retaliatory physical or mental harm. *Id.*  The second type of case appropriate for pseudonymous
24 filing occurs when the party seeking to proceed anonymously demonstrates a need to preserve
25 privacy in a matter of a highly personal or sensitive nature. *Id.*  Third, proceeding under a
26 pseudonym is justified in cases when, absent anonymity, the party would be compelled to admit
27 his or her intention to engage in criminal conduct thereby risking prosecution. *Id.*

28

The Court grants Plaintiffs' motion. Plaintiffs have argued that their identification in this case not only creates a risk of retaliatory physical or mental harm, but also that the case involves a highly personal matter. The fact that Billups already knows who Plaintiffs are makes Plaintiffs' fear that Billups will retaliate if they are named in the lawsuit unreasonable. But on the other hand, Plaintiffs have alleged that Billups made threats about John Doe to other students in the class. And it is reasonable for John Doe to believe that word about his involvement in this litigation could spread and follow him to his new school. Given the sensitive nature of the threats, it is reasonable to believe that John Doe would be re-traumatized by them if his peers or others at his new school were to bring them up to him. Additionally, John Doe is a minor. *See Kamehameha*, 596 F.3d at 1045 (noting that the "youth of these plaintiffs [is] a significant factor in the matrix of considerations arguing for anonymity") (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

Defendants have also not responded to Plaintiffs' motion, constituting their consent to the Court granting it. *See* Nevada Local Rule 7-2(d). Defendants have not asserted that by proceeding anonymously, Plaintiffs will prevent Defendants from confronting their accusers. Instead, as Plaintiffs point out, Defendants already know who they are. And the Court does not find that the public has a need to know exactly who Plaintiffs are to ascertain the facts of the case. While it is a closer call, weighing the fears Plaintiffs have expressed, the Court finds that Plaintiffs have made a sufficient showing to proceed anonymously.

**IT IS THEREFORE ORDERED** that the Plaintiffs' motion to proceed under pseudonyms (ECF No. 3) is **granted.**

DATED: May 30, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE