# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Doe, a minor by and through Jane Doe, his natural mother and legal guardian,<br><br>Plaintiff,<br><br>v.<br><br>Courtney Billups, an individual; and Clark County School District, a political subdivision of the State of Nevada,<br><br>Defendants. | Case No. 2:23-cv-00334-APG-DJA<br><br>**Order** |

This is a personal injury and civil rights action arising out of threats and demeaning comments that Clark County School District (CCSD) teacher Courtney Billups allegedly made to minor Plaintiff John Doe. Plaintiffs sue Defendants for damages, alleging claims for negligence, negligent retention, intentional infliction of emotional distress, and violation of Title VI of the Civil Rights Act of 1964. CCSD moves to release student information protected under the Family Educational Rights and Privacy Act (FERPA) in its initial disclosures and through discovery. (ECF No. 42). Both Plaintiffs and Billups filed non-oppositions to the motion. (ECF Nos. 44 and 45). No other non-parties filed a response. The Court grants CCSD's motion and sets a fourteen-day notice period.

**I.      Discussion.**

Congress enacted FERPA to protect the privacy of students and their parents. *See Disability Law Center of Alaska, Inc. v. Anchorage School Dist.*, 581 F.3d 936, 939 (9th Cir. 2009); *see S.O. v. Rescue Union Sch. Dist.*, No. 2:23-cv-00406-DJC-AC, 2023 WL 8003876, at *4-5 (E.D. Cal. Nov. 17, 2023). The law conditions the receipt of federal funding by educational institutions or agencies on their compliance with certain procedures concerning the maintenance

of student educational records and restricting release of student educational records to third parties without parental consent.  *See* 20 U.S.C. § 1232g; *Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, No. 2:11-CV-03471-KJM-AC, 2015 WL 10939711, at *3 (E.D. Cal. July 2, 2015).  One exception to the consent requirement is if a "disclosure is to comply with a judicial order…" 34 C.F.R. § 99.31(a)(9)(i); *see* 20 U.S.C. § 1232g(b)(2); *Morgan Hill*, 2015 WL 10939711, at *3.  In that instance, the school may disclose information "only if [it] makes a reasonable effort to notify the parent or eligible student of the order…in advance of compliance, so that the parent or eligible student may seek protective action…" 34 C.F.R. § 99.31(a)(9)(ii).  "FERPA does not create an evidentiary privilege and documents protected by FERPA are discoverable in the context of civil litigation." *Cherry v. Clark County Sch. Dist.*, No. 2:11-CV-01783-JCM, 2012 WL 4361101, at *5 (D. Nev. Sept. 21, 2012).  "Given FERPA's underlying privacy concerns, it does, however, place a higher burden on a party seeking access to student records to justify disclosure than with the discovery of other types of records." *Id.* (quoting *Ellis v. Cleveland Municipal School Dist.*, 309 F.Supp.2d 1019, 1023 (N.D. Ohio 2004)).

      The Court grants CCSD's motion because CCSD has shown that the documents and information at issue are necessary in discovery.  CCSD explains that ten students witnessed a verbal altercation between Plaintiff and Billups.  After Plaintiff left the classroom, Billups allegedly made derogatory statements about Plaintiff to the rest of the class.  Certain students recorded those statements.  Afterwards, CCSD investigated the events, obtaining statements from the student witnesses.  Because these students were the only witnesses to the altercation between Plaintiff and Billups and Billups' later comments, their statements, contact information, and CCSD's investigatory records are relevant to the case.

      CCSD has also demonstrated that it first sought the parents' consent to "release your, and your student's name and contact information so that your student may be contacted concerning the events which led to the lawsuit." (ECF No. 42 at 9).  And only three parents responded, one consenting, one objecting, and one advising that the Clark County Department of Family Services is the legal custodian of the subject student and statutorily unable to consent without a court

order. Because it did not receive consent from all the parents, CCSD then sought this Court's approval under FERPA.

Given the relevance of the information CCSD seeks to disclose, the Court will grant CCSD's motion. To comply with FERPA's notice requirement, the Court will require CCSD to serve a copy of this order on the parents of the ten students at issue and to file a certificate of service with the Court. The parents will have fourteen days after being served with this order to seek protective action. If the parents do not seek protective action within fourteen days, CCSD may disclose the information described in its motion.

**IT IS THEREFORE ORDERED** that CCSD's motion (ECF No. 42) is **granted.**

**IT IS FURTHER ORDERED** that CCSD must serve this order on the parents of the ten students at issue and file a certificate of service with the Court. Those parents will have **fourteen days** from the date on which CCSD served this order to seek protective action. If they do not, CCSD may disclose the student information described in its motion under the terms of the parties' protective order filed at ECF No. 21.

DATED: January 2, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE