**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
taylor@lagomarsinolaw.com
*Attorneys for Plaintiff John Doe*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOE, a minor, by and through JANE DOE, his natural mother and legal guardian;<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY BILLUPS, an individual; and CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada;<br><br>Defendant. | CASE NO.: 2:23-cv-00334-APG-DJA<br><br>**ORDER GRANTING PLAINTIFF'S PETITION FOR MINOR'S COMPROMISE, PAYMENT OF ATTORNEY FEES AND COSTS AND FOR THE CREATION OF A BLOCKED TRUST ACCOUNT** |

THIS MATTER came before the Court upon the verified Petition of Plaintiff JOHN DOE, a minor child, by and through his Natural Parent and Legal Guardian, JANE DOE, by and through their counsel of record, ANDRE M. LAGOMARSINO, ESQ. and TAYLOR N. JORGENSEN, ESQ. of LAGOMARSINO LAW, pursuant to their *Petition for Minor's Compromise, Payment of Attorney Fees and Costs, and for the Creation of a Blocked Trust Account,* and the Court having fully considered the matter and being fully familiar with the pleadings and papers on file herein, the Court finds as follows:

1. That JANE DOE is JOHN DOE's mother and is legally permitted to bring this Petition on behalf of JOHN DOE, a minor, pursuant to NRS § 12.080.

2. That the court has an inherent duty to protect the interests of minors and incompetents who appear before it. See *Keith v. Jackson,* 855 F. Supp 765, 775 (E.D. Pa. 1994) (citing *Dacanay v.*

*Mendoza,* 573 F.2d 1075, 1079 (9th Cir. 1978)). As part of that duty, the Court must determine the fairness of any settlement agreement and the reasonableness of any attorney's fees and costs to be paid from the settlement amount in a suit brought on behalf of a minor or incompetent.

3. That federal courts have held that it is appropriate to apply the rules prescribed by state law in determining the fairness of a minor's compromise and the reasonableness of any attorney's fees and costs allocated from that settlement in both federal question and diversity cases.[1] For example, see *Erie RR. v. Tompkins,* 304 U.S. 64 (1938), and *Stecyk v. Bell Helicopter Textron, Inc.,* 53 F Supp.2d 794, 801 (E.D. Pa.1999).

4. In approving the settlement, the court must also assess the reasonableness of the requested counsel fees. In so doing, the court must "strike a balance between being a 'passive proforma rubber stamp'…and being too intrusive in its consideration of the fairness of counsel fees."[2]

**NOW THEREFORE,**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Court grants the Petitioner the authority to compromise the claims of the minor, JOHN DOE, and accept the proposed Settlement in accordance with NRS § 41.200 and create a blocked trust account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court finds that the total settlement amount of FIFTY-TWO THOUSAND DOLLARS AND NO CENTS ($52,000.00) is hereby approved and the amount should be disbursed as follows:

a) $20,800.00 for attorney's fees based on a forty percent (40%) contingency fee basis.

b) $4,575.01 for case costs.

c) $3,622.50 for Forensic Specialists Ltd.

---

[1] Local district courts are authorized to adopt rules of procedure. *See* 28 U.S.C. § 2071. The local rules, however must be consistent with the national rules. *See* Fed. R. Civ. P. 83(a) ("A local rule shall be consistent with--but not duplicative of --Acts of Congress and [the national] rules…."). Once adopted, the local rule has the force of law. *See* Tarkett, *Inc. v. Congoleum Corp.,* 144 F.R.D. 282,284 (E.D. Pa. 1992) (citing *Baylson* v. *Disciplinary Bd. of the Supreme Court or Pa.,* 764 F. Supp. 328,348 (E.D. Pa. 1991), aff'd, 975 F.2d 102 (3d Cir. 1992)).

[2] *Stecyk,* 53 F. Supp.2d at 800 (quoting *Gilmore v. Dondero.* 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990)).

d) $23,002.49 to the blocked trust account for JOHN DOE.

See **ECF No. 67.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all settlement monies shall be paid, as set for above, within thirty (30) days of the entry of this Order.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Petitioner's mother, and natural parent of said minor, JANE DOE, or her agents, shall establish a blocked trust account, as provided by NRS 41.200 (5) and 41.200 (8), at Navy Federal, a Federal Insured Bank in the State of Nevada, located at 6311 N. Decatur Blvd #110, Las Vegas, NV 89130.

Authorization to establish a blocked trust account for the benefit of the herein named minor is hereby given to Petitioner JANE DOE, as natural parent of said minor, JOHN DOE, and TAYLOR N. JORGENSEN, ESQ., or his representative.

Funds deposited in the blocked trust account shall not be liquidated or diminished prior to the minor reaching the age of eighteen (18) years without Court Order upon a showing that the withdrawal is in the best interest of the minor child. A final accounting will be required upon the eighteenth (18th) birthday of the child. Funds shall not be released without a Court Order. Application for an Order releasing funds must be made to the Court granting this compromise.

That Petitioner and Taylor N. Jorgensen, Esq. shall cause, within sixty (60) days of the date of this Order, proof to be filed with this Court that the blocked trust account has been established.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the petitioner shall be ordered by this Court to file periodic verified annual reports, should the court deem it appropriate, in order to detail the activities of the blocked trust account during the previous twelve (12) months, pursuant to NRS 41.200(5).

**IT IS SO ORDERED.**

Dated: July 19, 2024

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:

**LAGOMARSINO LAW**

*/s/ Taylor N. Jorgensen*
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorney for Plaintiffs*
*Attorneys for Plaintiff John Doe*