**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
taylor@lagomarsinolaw.com
*Attorneys for Plaintiff John Doe*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOE, a minor, by and through JANE DOE, his natural mother and legal guardian;<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY BILLUPS, an individual; and CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada;<br><br>Defendant. | CASE NO.: 2:23-cv-00334-APG-DJA<br><br>**ORDER**<br><br>**PLAINTIFF'S FIRST AMENDED PETITION FOR MINOR'S COMPROMISE, PAYMENT OF ATTORNEY FEES AND COSTS AND FOR THE CREATION OF A BLOCKED TRUST ACCOUNT** |

Plaintiff JOHN DOE ("JONE"), a minor child, by and through his Natural Parent and Legal Guardian, JANE DOE ("JANE"), by and through their counsel of record, ANDRE M. LAGOMARSINO, ESQ. and TAYLOR N. JORGENSEN, ESQ. of LAGOMARSINO LAW, Petition this Court for authority to compromise the claims of the minor JOHN DOE, in accordance with Nevada Revised Statute §41.200, for payment of attorney fees and costs, and to create a blocked trust account. With this Petition, Plaintiff respectfully represents the following to this Honorable Court **(new information in bold):**

I.  **APPLICABLE STANDARD**

The court has an inherent duty to protect the interests of minors and incompetents who appear before it. See *Keith v. Jackson,* 855 F. Supp 765, 775 (E.D. Pa. 1994) (citing *Dacanay v. Mendoza,* 573 F.2d 1075, 1079 (9th Cir. 1978)). As part of that duty, the Court must determine the fairness of

any settlement agreement and the reasonableness of any attorney's fees and costs to be paid from the settlement amount in a suit brought on behalf of a minor or incompetent.

Federal courts have held that it is appropriate to apply the rules prescribed by state law in determining the fairness of a minor's compromise and the reasonableness of any attorney's fees and costs allocated from that settlement in both federal question and diversity cases.[1] For example, see <u>Erie RR. v. Tompkins,</u> 304 U.S. 64 (1938), and <u>Stecyk v. Bell Helicopter Textron, Inc.,</u> 53 F.Supp.2d 794,801 (E.D. Pa.1999). NRCP 17(c) is nearly identical to its federal counterpart, FRCP 17(c), which has been interpreted as charging the court with a "special duty to safeguard the interests of litigants who are minors." See *Robidoux v. Rosengren,* 638 F.3d 1177, 1181-82 (9th Cir.2011) (instructing the district court to evaluate whether the net recovery of the minor is fair and reasonable in terms of the minor's claims and recovery in similar cases).

In approving the settlement, the court must also assess the reasonableness of the requested counsel fees. In so doing, the court must "strike a balance between being a 'passive proforma rubber stamp' ... and being too intrusive in its consideration of the fairness of counsel fees."[2]

II. **BACKGROUND INFORMATION**

Plaintiff JOHN DOE is a minor. Plaintiff and Petitioner JANE DOE is JOHN's mother and is legally permitted to bring this Petition on JOHN's behalf, pursuant to NRS § 12.080.

A.   **PLAINTIFFS' ALLEGATIONS**

In or around November of 2022, JOHN DOE was enrolled at Desert Oasis High School. One day, during his IEP class, JOHN DOE was intentionally and verbally threatened, in front of the entire

---

[1] Local district courts are authorized to adopt rules of procedure. *See* 28 U.S.C. § 2071. The local rules, however must be consistent with the national rules. *See* Fed. R. Civ. P. 83(a) ("A local rule shall be consistent with--but not duplicative of --Acts of Congress and [the national] rules...."). Once adopted, the local rule has the force of law. *See* <u>Tarkett, Inc. v. Congoleum Corp.,</u> 144 F.R.D. 282,284 (E.D. Pa. 1992) (citing *Bay/son v. Disciplinary Bd of the Supreme Court or Pa.,* 764 F. Supp. 328,348 (E.D. Pa. 1991), aff'd, 975 F.2d 102 (3d Cir. 1992)).

[2]   53 F. Supp.2d at 800 (quoting *Gilmore v. Dondero.* 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990)).

class, by his teacher Courtney Billups. The threats were audio recorded and reported to Desert Oasis staff and Clark Couty School District Police. JOHN DOE stopped attending school at Desert Oasis because he was genuinely fearful for his safety.

### B.     CAUSES OF ACTION

Plaintiffs retained the law firm of Lagomarsino Law ("LL") on or about November 8, 2022, to pursue claims on their behalf against various defendants to this action. The Fee Agreement between the Plaintiffs and LL provided for a forty percent (40%) attorney's fee after the filing of a lawsuit. Plaintiffs filed a lawsuit giving rise to the instant case against the above-named parties in the Federal District Court, District of Nevada. Plaintiffs alleged the following causes of action:

1.   Negligence (Against All Defendants)

2.   Negligent retention (Against CCSD)

3.   Intentional Inflection of Emotional Distress (IIED) (Against All Defendants)

4.   Violation of Title VI of the Civil Rights Act of 1964 – 42 U.S.C. § 2000d et seq. (Against CCSD)

### III.    COMPROMISE OF MINOR'S CLAIM PURSUANT TO NRS 41.200

On April 4, 2024, a settlement was reached in the instant matter, between Plaintiffs and Defendants CLARK COUNTY SCHOOL DISTRICT and COURTNEY BILLUPS. The settlement was $52,000.00 allocated to JOHN DOE.[3]

Petitioner JANE DOE is the natural parent of JOHN DOE, a minor, whose date of birth is July 29, 2009. They reside at 5001 Sail Rock Place, North Las Vegas, NV 89031.

Petitioner JANE DOE hereby requests that the Court give her authorization to apportion, and utilize, the funds on behalf of JOHN DOE, as follows:

a) $20,800.00 for attorney's fees based on a contingency fee agreement (*See* **ECF No. 67-3** and **ECF No. 67-5**);

---

[3] A copy of the Settlement Agreement and Release of All Claims is available upon request.

Page 3 of 7

1      b) $4,575.01 for attorney's costs *(See* **ECF No. 67-3** and **ECF No. 67-5)**;

2      c) $3,622.50 for Forensic Specialists Ltd. *(See* **ECF No. 67-3** and **ECF No. 67-4)**;

3-4      d) The blocked trust account for JOHN DOE will contain the remaining balance of $23,002.49.

5      *See also,* **ECF No. 67-1.**

6-8      e) **The blocked trust account for John Doe will be opened, at Chase Bank, a Federal Insured Bank in the State of Nevada, located at 9770 S Maryland Pkwy Ste 7, Las Vegas, NV 89183 with the following identifying information:**

9         a. **Name:** ███████

10        b. **Date of Birth:** ███████

11        c. **Social Security Number:** ███████

12        d. **Address:** ███████

13        e. **Telephone:** ███████

14-15      f) **Jane Doe identifying information will also be needed to open the blocked trust account:**

16        a. **Name:** ███████

17        b. **Date of Birth:** ███████

18        c. **Social Security Number:** ███████

19        d. **Address:** ███████

20        e. **Telephone:** ███████

21-24      Petitioner JANE DOE believes that the acceptance of this compromise is in the best interest of the minor child JOHN DOE, and that the petitioner has been advised and understands that acceptance of the compromise will bar the minor from seeking further relief from the third person offering the compromise.

25

WHEREFORE, Petitioners pray as follows:

1. That this Honorable Court approves the opening of a blocked trust account, by the Petitioner JANE DOE, for the benefit of the minor child JOHN DOE.

2. That this Honorable Court order that Petitioner distribute the funds as delineated in Section 3(a)(b)(c), above.

DATED this 18th day of September 2024.

LAGOMARSINO LAW

_/s/ Taylor Jorgensen_

ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff John Doe*

# VERIFICATION

STATE OF NEVADA )
)ss
COUNTY OF CLARK )

JANE DOE, being first duly sworn under penalties of perjury, deposes and says:

I am the Petitioner herein, and I have read the foregoing **PLAINTIFF'S FIRST AMENDED PETITION FOR MINOR'S COMPROMISE, PAYMENT OF ATTORNEY FEES AND COSTS AND FOR THE CREATION OF A BLOCKED TRUST ACCOUNT** and know the contents thereof; that the same is true to the best of my own knowledge, except as to those matters therein stated upon information and belief, and as to those matters, I believe them to be true.

DATED this 9/18/2024.

_____
JANE DOE, Parent and Guardian of JOHN DOE, a minor.

I declare under penalty or perjury that the foregoing is true and correct.

_____
JANE DOE, Parent and Guardian of JOHN DOE, a minor.

IT IS SO ORDERED:

Dated: October 3, 2024

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

Page 6 of 7